DALLAS/FORT WORTH INTERNATION-
AL AIRPORT BOARD, a Joint Board of
the City of Dallas, Texas and the City of
Fort Worth, Texas et al., Petitioners,

v.

The CITY OF IRVING, Texas
et al., Respondents.

No. D–3927.

Supreme Court of Texas.

Sept. 29, 1993.

Rehearing Overruled Feb. 16, 1994.

Mike McKool, Jr., Eric W. Buether, Richard A. Lempert and David J. Labrec, Dallas, Paul C. Isham, Fort Worth, P. Michael Jung and Mike Joplin, Dallas, Gary E. Keane, DFW Airport, Kevin Cox, Dallas, for petitioners.

Bob McFarland and Paul F. Wieneskie, Arlington, Robert H. Power, Irving, Eliot R. Cutler, Washington, DC, Clarence A. Guittard, Dallas, Christopher Caso, Irving, Sam A. Lindsay, Dallas, Wade Adkins, Fort Worth, Louis I. Cole, Dallas, Perry M. Rosen, Washington, DC, Don J. Rorschach, Irving, for respondents.

PER CURIAM.

The principal issue in this case is whether the Dallas/Fort Worth International Airport Board must comply with the local zoning ordinances adopted by the surrounding cities of Irving, Euless, and Grapevine to expand and develop the airport. The Board asserts that the zoning ordinances are preempted by both federal law and the Texas Municipal Airports Act ("TMAA"). *See* Tex.Rev.Civ. Stat.Ann. art. 46d–14 (Vernon 1993).

While this appeal was pending, the Texas Legislature enacted Senate Bill 348, which amends the relevant portions of the TMAA. Tex. Municipal Airports Act, ch. 93, § 4, 1993 Tex.Sess.Law Serv. 182 (Vernon). Because the amendments took effect May 6, 1993, the injunction judgment before this court is no longer based on currently applicable state law.

We express no opinion on whether federal law preempts the ordinances or on the validity, constitutionality, or applicability of the TMAA amendments. We grant in part petitioner's motion to vacate the judgments of the lower courts because the amendments set out in Senate Bill 348 must be considered and may be dispositive. We vacate the judgments of the courts below and remand this cause to the trial court for consideration of the amended TMAA and further proceedings consistent with this opinion.